UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN MAKOS,<br><br>        Plaintiff,<br><br>  v.<br><br>TRANSAMERICA FINANCIAL<br>CONSUMER DISCOUNT COMPANY<br>and<br><br>UNITED STATES OF AMERICA<br><br>        Defendants. | CIVIL ACTION<br><br>No. 05-1625 |

**MEMORANDUM**

April 18, 2006

      On April 8, 2005, Ann Makos, as attorney-in-fact for Stephen C. Makos Sr., filed a complaint against TransAmerica Financial Consumer Discount Company ("TransAmerica") and against the United States ("Government").

      Mr. Makos executed two recorded mortgages on his premises at 737-739 East Fourth Street in Bethlehem, Northampton County, Pennsylvania. The first mortgage was executed and delivered on June 1, 1983 to Greater Bethlehem Savings ("Greater Bethlehem Savings mortgage"). Subsequently, on July 1, 1988, the Greater Bethlehem Savings mortgage was assigned to the United States by written assignment. Both the

original mortgage and the assignment were recorded with the Northampton County Recorder of Deeds' Office. The second mortgage was executed and delivered on April 12, 1995 to defendant TransAmerica ("the TransAmerica Mortgage"). That mortgage was also recorded with the Northampton County Recorder of Deeds' Office.

Ms. Makos's complaint seeks to quiet title against TransAmerica (count I) and against the United States (count II) on behalf of Mr. Makos. Count I of the complaint alleges that the TransAmerica mortgage has been paid in full, but TransAmerica has still refused to "satisfy of record the TransAmerica mortgage." Compl. ¶ 11. Plaintiff asks this court for several forms of relief, including a declaration that the TransAmerica Mortgage has been satisfied in full. In Count II, Ms. Makos asserts that the Greater Bethlehem Savings Mortgage has also been paid in full, but that the United States has "refused to satisfy of record" the mortgage. *Id.* ¶ 15. Ms. Makos notes that the mortgage is an instrument in writing under seal for purposes of 42 Pa. C.S. § 5529(b)––this statute provides that actions upon instruments under seal must be commenced within 20 years. Ms. Makos alleges that no action has been commenced within 20 years of the Greater Bethlehem mortgage (executed in 1983), and so asserts that "any such action is time-barred." Ms. Makos then requests the same relief as is sought under Count I.

### Plaintiff's Motion for Default Judgment

On May 5, 2005, the summons issued to TransAmerica was returned unexecuted. Two orders mailed to TransAmerica by the court—one on April 19 and one on May

13—were returned as "not deliverable as addressed—unable to forward."

On May 18, 2005, an affidavit of service was filed by Mr. Makos's attorney, Mr. Smith, reporting that TransAmerica had been served with a copy of the complaint on May 9, 2005 via-certified-return receipt mail. No copy of the return receipt is provided, and no response was ever filed by TransAmerica. On December 23, 2006, Ms. Makos moved for a default judgment as to TransAmerica.[1]

The relevant rules for accepted modes of original service are supplied by Pennsylvania law. Rule 424 of the Pennsylvania Rules of Civil Procedure describes service on "corporations and similar entities" and requires that a copy be provided directly to an appropriate person:

> Service of original process upon a corporation or similar entity shall be made by <u>handing a copy</u> to any of the following persons provided the person served is not a plaintiff in the action: 1. an executive officer, partner or trustee of the corporation or similar entity, or 2. the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or 3. an agent authorized by the corporation or similar entity in writing to receive service of process for it.

---

[1] When a complaint alleges a joint claim against more than one defendant, default judgment should not be entered against a defaulting defendant until all defendants have defaulted. Alternatively, if one or more defendants do not default, then, generally, entry of default judgment should await an adjudication as to the liability of the non-defaulting defendants. *See, e.g.*, *Frow v. De La Vega*, 82 U.S. 522 (1872). Here, however, the complaint does not allege a joint claim. There are two defendants and the claim against each is premised upon a distinct mortgage. Although both mortgages pertain to the same property, it is not apparent that the existence of a second mortgage (and defendant) should bar a grant of default judgment if other requisite elements of a default judgment are in order.

*Id.* (emphasis added).[2]  Because Pennsylvania law does not allow original service by mail in this case, plaintiff's motion for default judgment will be denied in the order accompanying this memorandum.

**United States's Motion to Dismiss, or alternatively, for Summary Judgment**

The United States has moved to dismiss under Rule 12(b)(1) or 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.  The United States claims that this court lacks subject matter jurisdiction and that plaintiff's complaint otherwise fails to allege a legally cognizable claim with adequate particularity.

The United States first argues that this court lacks subject-matter jurisdiction because the government has not waived its sovereign immunity beyond the Real Property Quiet Title Act's statute-of-limitations.  Claims under the Quiet Title Act, 28 U.S.C. § 2409a *et seq.*, must be brought within twelve years after the date that the plaintiff "knew or should have known" that the United States asserted an interest in the property.  *See* 28 U.S.C. § 2409a(g).[3]

---

[2] Rule 402 describes the generally accepted modes of original service, and similarly requires hand delivery, unless "[i]n lieu of service under this rule, the defendant or his authorized agent may accept service of original process by filing a separate [waiver] document . . . ."  In the instant case, there is no indication that such a document was filed by TransAmerica.

[3] Section 2409a(g) provides:
> Any civil action under this section, except for an action brought by a State, shall be barred unless it is commenced within twelve years of the date upon which it accrued. Such action shall be deemed to have accrued on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States.

The government asserts that plaintiff had notice of this claim on the date of the mortgage assignment, July 1, 1988, and that this claim is therefore time barred.

In response, Ms. Makos contends that Pennsylvania law should be relied upon to construe the notice provision of the Quiet Title Act.  Ms. Makos maintains that Pennsylvania property law requires actual notice of a mortgage assignment in order to bind the mortgagor to its terms.  She claims Mr. Makos had no actual notice of the assignment until 2002, and therefore cannot be deemed to have known of the assignment of the mortgage until then.

State law does appear to be the proper source to give context to the application of the Quiet Title Act's statutory language. The clearest statement of this is from the Tenth Circuit in *Amoco Production Co. v. United States*, 619 F.2d 1383, 1387 (10th Cir. 1980). The *Amoco* court indicated that local law was especially pertinent in the determination that "a party should have known a relevant fact." *Id.*  This accords with the use of local law to give content to the Federal Tort Claims Act, a commonly used statute waiving the government's sovereign immunity. *See Reo v. United States*, 95 F.3d 73, 76 (3d Cir. 1996).

Pennsylvania law does not speak directly to constructive notice of the assignment of a mortgage for the purpose of a quiet title action, but does require actual notice to the

original borrower to obligate her to make payments to the assignee.[4] In *Walker v. Emerich*, the Pennsylvania Supreme Court refused to allow that a "'debtor should be prejudiced by an assignment of which he knows nothing.'" 149 A. 881, 881 (Pa. 1930) (*quoting Gaullagher v. Caldwell*, 22 Pa. 300 (1853)).  The *Walker* court relied on various analogous cases, including *Henry v. Brothers*, 48 Pa. 70 (1864).  In *Henry*, the court noted—in the context of an assignment of a judgment rather than a mortgage—that the entry of the transfer of the debt in the public records did not serve as notice to the original debtor as it would to a subsequent purchaser, who has a duty to examine those records.  An assertion that Mr. Makos should have known of the assignment as of the date it was recorded would be inconsistent with this rule which recognizes that debtors should not be required to periodically ascertain who owns their debt.  Therefore, the United States's argument that Ms. Makos's claim is time barred is unpersuasive.

The United States also argues that Ms. Makos's complaint does not set forth with adequate particularity (1) the nature of the right, title, or interest that Mr. Makos claims or (2) the circumstances under which the United States acquired its interest or the particular nature of the right claimed by the United States.  The government asserts that plaintiff's failure to contact the proper government officer, as instructed by 28 U.S.C. § 2410(e),[5]

---

[4] By contrast, subsequent purchasers are regarded as having constructive notice of recorded mortgages. *See First Citizens National Bank v. Sherwood*, 879 A.2d 178 (Pa. 2005).

[5] 28 U.S.C. § 2410(e) states:
    Whenever any person has a lien upon any real or personal property, duly

has prevented a proper investigation of the claim by the government. The government claims that it must be informed of the nature of the lien, as that will determine the type of relief available to Mr. Makos.

In response, Ms. Makos asserts that the complaint satisfied the requirements of 28 U.S.C. § 2410—it avers that the mortgage was assigned by written assignment, and states precisely where that assignment was recorded, that its terms were incorporated by reference, that the original mortgage had been paid in full, and that the government did not honor requests to clear plaintiff's title of the cloud presented by this mortgage. Further, Ms. Makos argues that § 2410(e) is not applicable here, as it only applies to senior lienholders in situations where the United States is a junior lienholder.

In *United States v. Perry*, the Fifth Circuit ruled that where "the taxpayers whose problems gave rise to the assessments were identified, [and] the fact of a transaction involving a specific piece of land and the identity of the transferee were disclosed[]," the

---

    recorded in the jurisdiction in which the property is located, and a junior lien, other than a tax lien, in favor of the United States attaches to such property, such person may make a written request to the officer charged with the administration of the laws in respect of which the lien of the United States arises, to have the same extinguished. If after appropriate investigation, it appears to such officer that the proceeds from the sale of the property would be insufficient to wholly or partly satisfy the lien of the United States, or that the claim of the United States has been satisfied or by lapse of time or otherwise has become unenforceable, such officer may issue a certificate releasing the property from such lien.

complaint was sufficient under § 2410(b).[6] *Perry*, 473 F.2d 643, 648 (5th Cir. 1973). The court continued, "[t]he government had specific notice to come in and litigate about this piece of property. There could be no mistake about the material issues; there was no bad faith or attempt to 'fool' the government." *Id.* Here the plaintiff has provided the government with all the information she can be expected to have about a transaction to which she was not a party.

Further, Ms. Makos is correct in her reading of the relevance of § 2410(e). Subsections (a) through (c) of section 2410 discuss quiet title actions generally and describe the circumstances in which they can be filed, the requirements of the complaint, and the effects of judgments in them. Subsections (d) and (e), however, refer only to certain actions under the title. In particular, subsection (e) applies only where a "person

---

[6] 28 U.S.C. § 2410(b) requires:
> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow.

has a lien upon any real or personal property . . ., and a junior lien, other than a tax lien, in favor of the United States attaches to such property." 28 U.S.C. § 1024(e).   Thus, it does not apply to the complaint in the instant case.  For these reasons, the motion of the United States to dismiss will be denied in the order accompanying this memorandum.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN MAKOS,<br><br>             Plaintiff,<br><br>    v.<br><br>TRANSAMERICA FINANCIAL CONSUMER DISCOUNT COMPANY and<br><br>UNITED STATES OF AMERICA<br><br>             Defendants. | CIVIL ACTION<br><br>No. 05-1625 |

## ORDER

April 18, 2006

     For the reasons stated in the accompanying memorandum, it is hereby ORDERED that plaintiff's motion for default judgment (Docket #13) is DENIED, and the United States's motion for summary judgment (Docket #8) is also DENIED.

     /s/ Louis H. Pollak
     Pollak, J.